**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 24-cv-22514-JB/Torres**

GREGORY PALERMO, as Trustee
of the PETER R. PALERMO QUALIFIED
PERSONAL RESIDENCE TRUST,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_______________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** was referred to the Honorable Edwin G. Torres, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion for Summary Judgment, ECF No. [30], and the United States' Cross-Motion for Summary Judgment, ECF No. [33]. *See* ECF No. [59]. Following full briefing and a hearing on the Motions, Magistrate Judge Torres filed a Report and Recommendation ("R&R"), recommending that: (1) Plaintiff's Motion for Summary Judgment, ECF No. [30], should be denied; (2) the United States' Cross-Motion for Summary Judgment, ECF No. [33], should be granted in part and denied in part; (3) Plaintiff's inclusion theory under Section 2033 should be rejected as a matter of law, and its cessation-of-use and reasonable cause theories should be barred for lack of jurisdiction under the variance doctrine; and (4) the case should proceed to trial on inclusion under Section 2036(a)(1): that the Property is includable in the gross estate because the decedent occupied it at less than fair market rent, with the Section 1014 step-up and the

Section 6662 penalty to follow that determination. ECF No. [65]. The United States filed objections to the R&R (the "Objections"), ECF No. [66], to which Plaintiff responded, ECF No. [70].

This Court has a duty to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, having conducted a *de novo* review of the record and the issues presented in the United States' Objections, agrees with Magistrate Judge Torres that the United States' Motion for Summary Judgment should be granted in part and denied in part, and that the case should proceed to trial on inclusion under Section 2036(a)(1).

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that:

1. The United States' Objections, ECF No. [66], are **OVERRULED**.

2. United States Magistrate Judge Torres' Report and Recommendation, ECF No. [65], is **AFFIRMED AND ADOPTED**.

3. Plaintiff's Motion for Summary Judgment, ECF No. [30], is **DENIED**.

4. The United States' Cross-Motion for Summary Judgment, ECF No. [33], is **GRANTED IN PART and DENIED IN PART.**

5. The Plaintiff's inclusion theory under Section 2033 is **REJECTED** as matter of law, and its cessation-of-use and reasonable cause theories is **BARRED** for lack of jurisdiction under the variance doctrine.

6. The case will proceed to trial on inclusion under Section 2036(a)(1): that the Property is includable in the gross estate because the decedent occupied it at less than fair market rent, with the Section 1014 step-up and the Section 6662 penalty to follow that determination.

**DONE AND ORDERED** in Miami, Florida, this 29th day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**